**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4942**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

LAKENDRICK FOBBS,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge.  (CR-03-310)

———————

Submitted:  October 21, 2005      Decided:  November 15, 2005

———————

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lakendrick Fobbs was convicted after a trial of one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371 (2000), armed bank robbery and aiding and abetting such robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (2000), and one count of using, carrying and brandishing a firearm during and in relation to a crime of violence and aiding and abetting such conduct, in violation of 18 U.S.C. §§ 2, 924(c)(1) (2000). On appeal, Fobbs contends the district court erred in denying his motion to suppress custodial statements. He further contends the evidence was insufficient. In addition, Fobbs claims the district court erred in finding he obstructed justice. Finding no error, we affirm.

We review factual findings underlying a suppression motion for clear error; legal conclusions are subject to de novo review. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). When a suppression motion is denied, we review the evidence in the light most favorable to the Government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004), cert. denied, 125 S. Ct. 867 (2005). We find the district court did not clearly err in finding that Fobbs initiated the contact with law enforcement authorities and he was fully advised of his rights prior to the start of the interview.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). When, as here, the defendant challenges the sufficiency of the evidence at trial, the relevant question is whether, taking the view most favorable to the Government, there is substantial evidence to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942). We "defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). We "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We find the evidence was more than sufficient to support the convictions.

Under U.S. Sentencing Guidelines Manual § 3C1.1 (2003), a two level enhancement may be appropriate if the defendant attempts to obstruct the administration of justice during sentencing and the obstruction relates to the offense of conviction. The court need only find by a preponderance of the evidence the enhancement applies. United States v. Kiulin, 360

F.3d 456, 460 (4th Cir. 2004). Under this standard, the relevant facts must be shown to be more likely true than not. <u>United States v. Montano</u>, 250 F.3d 709, 713 (9th Cir. 2001). Despite the fact the guidelines are no longer mandatory, a court must still "consult [the] [g]uidelines and take them into account when sentencing." <u>United States v. Booker</u>, 543 U.S.___, ___, 125 S. Ct. 738, 767 (2005) (Breyer, J., opinion of the Court). We find there was ample evidence to support the enhancement as a result of Fobbs' statement that he did not receive the presentence investigation report.

Finally, because the district court announced an alternate sentence identical to the sentence imposed under a mandatory application of the sentencing guidelines, we find any error as to the mandatory application of the guidelines to be harmless. <u>See</u> <u>Booker</u>, 543 U.S. at ___, 125 S. Ct. at 769; <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>